**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **JANAE OWENS AND JEREMIAH OWENS,**    *Plaintiffs,* <br><br> *vs.* <br><br> **UNITED STATES OF AMERICA**    *Defendant.* | §<br>§<br>§<br>§<br>§   **CIVIL NO.:** _____<br>§<br>§<br>§<br>§ |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Janae Owens and Jeremiah Owens ("Plaintiffs") files this Original Complaint complaining of Defendant United States of America ("Defendant"), and for cause of action state the following:

### I.    PARTIES

1. Plaintiff Janae Owens is an individual residing in Harris County, Texas.

2. Plaintiff Jeremiah Owens is an individual residing in Harris County, Texas.

3. Defendant, United States of America can be served with process by serving Chad Meacham, United States Attorney, 1100 Commerce Street, Third Floor, Dallas, Texas 75242, and by forwarding a true and correct copy of the summons and Plaintiff's Original Complaint to the United States Attorney General, The Honorable Pamela Bondi, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530-0001 (via certified mail return receipt requested).

### II.    JURISDICTION AND VENUE

4. This Court has jurisdiction over the lawsuit under the provisions of the Federal Tort Claims Act.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in this district and division as all events that form the basis of this lawsuit occurred in Harris County, Texas.

### III.      COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

6.      Plaintiff has complied with applicable administrative procedures and regulations governing claims asserted under the *Federal Tort Claims Act*, including but not limited to 28 U.S.C. §2401; 28 U.S.C. §2671; 28 U.S.C. §2675; and 39 CFR 912.3, et seq. Plaintiff provided written notice of his claim and executed the Standard Form 95 (along with supportive documents). The United States Postal Service's Tort Claims Examiner/Adjudicator confirmed receipt of the administrative claim on July 17, 2024. The adjudication period of six months since the submission of Plaintiff's claim has expired.

### IV.      FACTS

7.      This lawsuit is based on a motor vehicle incident occurring on November 15, 2023, at or near S. Gessner Road in Harris County, Houston, Texas (hereinafter referred to as "The Collision").

8.      Upon information and belief, Defendant United States of America's employee Elias George Ayoub made an unsafe lane change, causing the crash and Plaintiff's injuries and damages.

9.      Upon information and belief, Defendant United States of America waives its immunity under the Federal Tort Claims Act as its employee, Elias George Ayoub, acted within the scope of his employment while operating a motor vehicle for the United States Postal Service. 28 U.S.C. § 1346 (b)(1).

10.      Upon information and belief, the Collision was proximately caused by the negligence and / or negligence *per se* of Defendant and Defendant's employee Elias George Ayoub.

## V.    CAUSES OF ACTION

**Negligence, Negligence *Per Se*, and/or *Respondeat Superior***

11.    At the time of The Collision, Defendant United States of America's employee Elias George Ayoub was negligent and / or negligent *per se* in one or more of the following particulars:

a.    In failing to change lanes safely;
b.    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
c.    In failing to timely apply the brakes of the vehicle in order to avoid the collision in question;
d.    In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
e.    In failing to yield the right-of-way;
f.    In failing to maintain the vehicle under control;
g.    In failing to take proper evasive action;
h.    In driving while inattentive;
i.    In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
j.    In violating Texas Transportation Code Sections 545.351 (maximum speed requirement), 545.060 (driving on roadway laned for traffic) and 545.4251 (use of portable wireless communication device for electronic messaging).

12.    At the time of The Collision, Elias George Ayoub was acting in the course and scope of his employment with Defendant United States of America. As a result, Defendant United States of America is legally liable for the acts and omissions of negligence and/or negligence *per se* of Elias George Ayoub under the doctrine of *respondeat superior* and under the Federal Tort Claims Act.

13.    Defendant was negligent in hiring the United States Postal Service employee driving the vehicle as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. Defendant was also negligent in its training of United States Postal Service employee driving the vehicle, and its operation of its United States Postal Service vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

14.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## VI.     PERSONAL INJURIES AND DAMAGES

15.     As a result of Defendant's negligent actions/omissions, Plaintiffs Janae Owens and Jeremiah Owens suffered personal injuries. Consequently, Plaintiffs Janae Owens and Jeremiah Owens seek recovery of the following damages:

a.      Medical Expenses: Janae Owens and Jeremiah Owens incurred bodily injuries which were caused by The Collision and Janae Owens and Jeremiah Owens incurred medical expenses for treatment of such injuries. Janae Owens and Jeremiah Owens believe that, in reasonable medical probability, such injuries will require the need for future medical care.

b.      Physical Pain:  Janae Owens and Jeremiah Owens endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

c.      Mental Anguish:  Janae Owens and Jeremiah Owens endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

d.      Impairment: Janae Owens and Jeremiah Owens endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

16.     Plaintiffs will continue to suffer from these injuries or damages for the rest of their lives and seek compensation for such future damages.

17.     All conditions precedent to Plaintiffs right to recover the relief sought herein have occurred or have been performed.

## VII.     AGGRAVATION

18.     In the alternative, if it be shown that Plaintiffs suffered from any pre-existing

injuries, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## VIII.    PROPERTY DAMAGE

19.    As a proximate result of the above-detailed conduct on the part of the Defendant's employee Elias George Ayoub, the vehicle Plaintiffs were in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendant is hereby sued and recovery is sought.

## IX.    U.S. LIFE TABLES

20.    Notice is hereby given to the Defendant that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States.

## X.    RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that Defendant be cited to appear and answer and that this case be tried after which Plaintiffs recover:

a.    Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages set forth herein;
b.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;
c.    Post-judgment interest at the maximum rate allowed by law;
d.    Costs of suit; and
e.    Such other and further relief to which Plaintiffs may be justly entitled.

*[Signature on following page]*

Respectfully submitted,

**EDWARD LAW GROUP**

*/s/ Olumide Olorunsola*
OLUMIDE OLORUNSOLA
SBN: 24131997
6671 Southwest Freeway, Suite 250
Houston, Texas 77074
Email: olumide@edwardlawgroup.com
Tel: 281-900-7226
*Attorneys for Plaintiffs*